IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ANDERSON,

    Plaintiff,                    No. 2: 12-cv-0261 MCE KJN P

    vs.

MATTHEW TATE, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint filed April 18, 2012.

        Named as defendants in the second amended complaint are Clark Kelso, Matthew Tate, Warden Gower, Dr. Swingle, Dr. Lee, Dr. Cummings, Dr. Pomozal, Dr. Royston, Psych Manager Stovall, Nurse Pearsall, H. Wagner, P. Stati, L. Lopez, K. Terry, C. Davis and Dr. Hoffman.

        Plaintiff's second amended complaint states potentially cognizable claims against defendants Kelso, Swingle, Lee and Hoffman based on their alleged failure to respond to his complaints regarding inadequate pain medication.  (Dkt. No. 40 at 3-6.)

////

1  Plaintiff alleges that defendant Warden Gower is liable for plaintiff's failure to
2  receive adequate medical care because plaintiff "kept a handwritten copy of the letter, dated 1-
3  15-12, about all the misdeeds which plaintiff experiencing at the hands of prison personnel."
4  (Id. at 8.)  It is unclear how plaintiff is claiming that defendant Gower is liable for his inadequate
5  medical care or any other alleged deprivations based on the letter dated 1-15-12.  Accordingly,
6  the claims against defendant Gower should be dismissed.

7  Plaintiff next alleges that defendant Terry refused to process mail addressed to the
8  Postmaster General, the Judicial Process Committee, Amnesty International and the National
9  Commission on Correctional Health Care as confidential mail as required by California
10  regulations.  (Id. at 13.)   Plaintiff alleges that under state regulations, his outgoing mail to these
11  persons and agencies should have been treated as confidential mail.

12  Section 3142 of Title 15 of the California Code of Regulations sets forth the
13  procedures for processing outgoing confidential mail.  Under these procedures, the inmate shall
14  present the mail unsealed to designated staff who will perform an inspection to make sure no
15  prohibited material are enclosed.

16  Section 3141(c) of the Title 15 of the California Code of Regulations sets forth
17  the persons and agencies with whom an inmate may correspond confidentially:

18  c) Persons and employees of persons with whom inmates may
   correspond confidentially and from whom inmates may receive
19  confidential correspondence include:

20  (1) All state and federal elected officials.

21  (2) All state and federal officials appointed by the governor or the
   President of the United States.
22
   (3) All city, county, state and federal officials having responsibility
23  for the inmate's present, prior or anticipated custody, parole or
   probation supervision.
24
   (4) County agencies regarding child custody proceedings, as clearly
25  identified in the communication and listed on the envelope.

26  (5) All state and federal judges and courts.

1         (6) An attorney at law, on active status or otherwise eligible to practice law, listed with a state bar association.

2

3         (7) All officials of a foreign consulate.

4         (8) The Secretary, Undersecretary, Chief Deputy Secretaries, Executive Director, Assistant Secretaries, Division Directors, Deputy Directors, Associate Directors, the Chief, Inmate Appeals,

5         and the Lead Ombudsman's Office of the Department.

6         (9) A legitimate legal service organization that consists of an established group of attorneys involved in the representation of

7         offenders in judicial proceedings including, but not limited to:

8         (A) The American Civil Liberties Union.

9         (B) The Prison Law Office.

10        (C) The Young Lawyers Section of the American Bar Association.

11        (D) The National Association of Criminal Defense Lawyers.

12        (E) California Appellate Project.

13 Section 3141(c).

14        Mail to the Judicial Process Committee, Amnesty International and the National

15 Commission on Correctional Health Care does not qualify as confidential pursuant to section

16 3141(c). These agencies are not involved in the representation of offenders in judicial

17 proceedings. In addition, mail addressed to the Postmaster General does not qualify as

18 confidential mail under this section. The Postmaster is not appointed by the President. See

19 Milner v. Bolger, 546 F.Supp. 375, 378 (D.C. Cal. 1982). For these reasons, plaintiff's claim

20 that defendant Terry refused to process his outgoing mail addressed to the Postmaster General,

21 Judicial Process Committee, Amnesty International and the National Commission on

22 Correctional Health Care as confidential in violation of the regulations set forth above is without

23 merit.

24        Plaintiff also alleges that he sent a letter to a friend who lives Santa Barbara that

25 never left the prison. (Dkt. No. 40 at 13.) Although plaintiff does not directly link defendant

26 Terry to this claim, an isolated incident of mail interference or tampering does not support a

claim under section 1983 for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).

      Plaintiff next alleges that he filed a grievance against defendant Davis for refusing to make a copy of a legal document for the court and for refusing to give plaintiff his requested legal supplies.  (Id.)  Plaintiff alleges that defendant Stati refused to process plaintiff's grievance regarding his alleged failure to obtain copies because defendant Stati did not receive the documents she requested.  (Id. at 15.)  Plaintiff alleges that it was not his fault that defendant Stati did not receive the requested documents.  (Id.)

      Plaintiff does not describe the documents defendant Davis allegedly refused to copy.  In any event, a constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350–51 (1996).  To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 355.  Plaintiff does not allege how his inability to obtain copies of the documents or legal supplies from defendant Davis hindered him from presenting a non-frivolous claim concern his conditions of confinement or conviction.  For these reasons, this claim against defendant Davis should be dismissed.

      Plaintiff's claim that defendant Stati refused to process his grievance is without merit.  Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials

1  ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203
2  at *5 (E.D.Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his
3  inmate appeals failed to state a cognizable claim under the First Amendment); Walker v.
4  Vazquez, 2009 WL 5088788 at *6–7 (E.D.Cal. Dec. 17, 2009) (plaintiff's allegations that prison
5  officials failed to timely process his inmate appeals failed to a state cognizable under the
6  Fourteenth Amendment).  For these reasons, this claim against defendant Stati should be
7  dismissed.
8         Plaintiff next alleges that defendant Stati refused to process other grievances
9  including grievances concerning defendants Terry and Lopez and Correctional Officer Monk.
10 (Dkt. No. 40 at 15.)   For the reasons discussed above, these claims against defendant Stati for
11 failing to process plaintiff's administrative grievances are without merit and should be dismissed.
12        Plaintiff next alleges that defendant Lopez refused to have plaintiff re-endorsed
13 for a transfer because the initial transfer failed to go through. (Id. at 15-16.)  It is unclear how
14 plaintiff is claiming that defendant Lopez violated his constitutional rights.  In any event,  the
15 Constitution does not guarantee a prisoner placement in a particular prison or protect an inmate
16 against being transferred from one institution to another.  Meachum v. Fano, 427 U.S. 215,
17 223–225 (1976); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).  Accordingly, the claim
18 against defendant Lopez for allegedly refusing to re-endorse plaintiff for a transfer is without
19 merit and should be dismissed.
20        Plaintiff alleges that his psychiatric medication, Remeron, was improperly
21 discontinued. (Dkt. 40 at 17.)  Plaintiff alleges that he sent a request for an inmate interview to
22 defendant Stovall, his psych case manager, regarding the discontinuation of the Remeron. (Id.)
23 When defendant Stovall did not respond, plaintiff filed a grievance addressed to defendant
24 Cummings, the head psychiatrist. (Id.)  Plaintiff alleges that it was defendant Stovall's job to
25 keep track of plaintiff's medication. (Id.)  Plaintiff alleges that defendant Cummings did not
26 respond to his grievance. (Id.)  Plaintiff alleges that a few weeks after the Remeron was

discontinued, a problem arose and another case manager filed a Mental Health Assessment Request on plaintiff's behalf because plaintiff was engaging in behavior that could lead to violence. (Id.) These allegations against defendants Stovall and Cummings state a potentially cognizable claim for relief.

Plaintiff alleges that defendant Royston improperly prescribed a medication for plaintiff that contained aspirin. (Id. 18.) Plaintiff alleges that his medical records state that he should not take aspirin because it causes stomach pain, and defendant Royston told plaintiff that he reviewed his medical records. (Id.) These allegations against defendant Royston state a potentially cognizable claim for relief.

Plaintiff alleges that on February 14, 2011, defendant Pearsall refused to treat the staph infection on plaintiff's head. (Id.) These allegations state a potentially cognizable claim for relief against defendant Pearsall.

Plaintiff alleges that defendant Pomozal, on a few occasions, kept refusing to drain the bump with the staph infection on plaintiff's head. (Id.) Plaintiff alleges that the staph infection returned and caused plaintiff pain. (Id.) These allegations state a potentially cognizable claim for relief against defendant Pearsall. (Id.)

Plaintiff's amended complaint contains no specific claims against defendants Tate and Wagner. In other words, plaintiff does not specifically allege how these defendants violated his constitutional rights.

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

6

1  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)
2  (no affirmative link between the incidents of police misconduct and the adoption of any plan or
3  policy demonstrating their authorization or approval of such misconduct). "A person 'subjects'
4  another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an
5  affirmative act, participates in another's affirmative acts or omits to perform an act which he is
6  legally required to do that causes the deprivation of which complaint is made." Johnson v.
7  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8  Moreover, supervisory personnel are generally not liable under § 1983 for the
9  actions of their employees under a theory of respondeat superior and, therefore, when a named
10 defendant holds a supervisorial position, the causal link between him and the claimed
11 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
12 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.
13 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where
14 there is no evidence of personal participation). Vague and conclusory allegations concerning the
15 involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board
16 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of
17 personal participation is insufficient).

18 Because plaintiff has failed to link defendants Tate and Wagner to the alleged
19 deprivations, the claims against these defendants should be dismissed.

20 The undersigned spent considerable time screening plaintiff's complaints. For
21 that reason and because the undersigned believes that any further amendment would be futile, no
22 further amendments are permitted. In this order, the undersigned orders service of those
23 defendants against whom plaintiff has stated potentially cognizable claims for relief. The
24 undersigned separately recommends dismissal of those claims that are not cognizable.

25 Plaintiff has filed several motions which undersigned addresses herein. On April
26 9, 2012, plaintiff filed a motion requesting that the Clerk of the Court send him copies of court

documents free of charge. (Dkt. No. 38.) Plaintiff's motion for copies of documents free of charge is without merit. In his April 9, 2012 motion, plaintiff also requests that the court address his pending motions for injunctive relief. The court has separately issued an order addressing plaintiff's motion for injunctive relief.

On April 16, 2012, plaintiff filed a motion requesting that the court order the U.S. Marshal to pick up his mail. (Dkt. No. 39) Plaintiff alleges that he is concerned that once he gives his amended complaint to prison officials, it will not reach the court. As indicated by the instant order, the court received plaintiff's second amended complaint. Accordingly, plaintiff's motion for the U.S. Marshal to pick up his mail is denied.

On April 26, 2012, plaintiff filed a motion requesting that the U.S. Marshal serve his complaint on defendants. (Dkt. No. 43) As indicated by the instant order, the U.S. Marshal will serve plaintiff's complaint on those defendants against whom plaintiff has stated potentially cognizable claims for relief. Accordingly, this motion is denied as unnecessary.

On April 26, 2012, plaintiff filed a motion requesting that the court order a "postal inspection" on grounds that prison officials are refusing to process outgoing confidential mail. (Dkt. No. 44.) Because plaintiff has not stated a colorable claim for relief based on the alleged mishandling of outgoing confidential mail, this motion is denied. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") Most importantly, plaintiff does not allege that his ability to contact the court in the instant case has been hindered by alleged tampering with his confidential mail related to the instant action.

On May 9, 2012, plaintiff filed another motion requesting that the court rule on his motion for injunctive relief. (Dkt. No. 47.) Because the court has issued a separate order addressing plaintiff's motion for injunctive relief, plaintiff's May 9, 2012 motion is denied as unnecessary.

////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1. Service is appropriate for the following defendants: Kelso, Swingle, Lee,
3    Hoffman, Stovall, Cummings, Royston, Pearsall, and Pomozal.

4    2. The Clerk of the Court shall send plaintiff 9 USM-285 forms, one summons,
5    an instruction sheet and a copy of the second amended complaint filed April 18, 2012.

6    3. Within thirty days from the date of this order, plaintiff shall complete the
7    attached Notice of Submission of Documents and submit the following documents to the court:

8        a. The completed Notice of Submission of Documents;

9        b. One completed summons;

10       c. One completed USM-285 form for each defendant listed in number 3
11       above; and

12       d. Ten copies of the endorsed second amended complaint filed April 18,
13       2012.

14   4. Plaintiff need not attempt service on defendants and need not request waiver of
15   service. Upon receipt of the above-described documents, the court will direct the United States
16   Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
17   without payment of costs.

18   5. Plaintiff's motion for legal copies and for a ruling on his motions for injunctive
19   relief (Dkt. No. 38) is denied;

20   6. Plaintiff's motion for the U.S. Marshal to pick up his mail (Dkt. No. 39) is
21   denied;

22   7. Plaintiff's motion for the U.S. Marshal to serve his complaint (Dkt. No. 43) is
23   denied;

24   8. Plaintiff's motion for a postal inspection (Dkt. No. 44) is denied;

25   ////
26   ////

9. Plaintiff's motion for a court order (Dkt. No. 47) is denied.

DATED: May 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

an261.ame

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ANDERSON,

     Plaintiff,                               No. 2: 12-cv-0261 MCE KJN P

     vs.

MATTHEW TATE, et al.,               NOTICE OF SUBMISSION

     Defendants.                        OF DOCUMENTS

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

     \_\_\_\_\_     completed summons form

     \_\_\_\_\_     completed USM-285 forms

     \_\_\_\_\_     copies of the _____
                                 Complaint/Amended Complaint

DATED:

                                             _____
                                             Plaintiff