IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ANDERSON,

    Plaintiff,                   No. 2: 12-cv-0261 MCE KJN P

    vs.

MATTHEW TATE, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for injunctive relief filed February 23, 2012 and March 19, 2012. In both motions, plaintiff alleges that his pain medication was improperly discontinued. On June 14, 2012, the Office of the Attorney General, by special appearance, filed a response to plaintiff's motions. For the following reasons, the undersigned recommends that plaintiff's motions for injunctive relief be denied as moot.

        The Office of the Attorney General argues that plaintiff's motions for injunctive relief should be denied as moot because he is now receiving pain medication. Attached as an exhibit to the response by the Office of the Attorney General is the declaration of D. Swingle, the Chief Medical Officer at High Desert Prison ("HDSP"), where plaintiff is housed. In the declaration, D. Swingle states:

1

2. I reviewed Samuel Anderson's medical file on June 4 and 5, 2012. After reviewing the file, I arranged for Mr. Anderson to meet with his primary care provider on June 8, 2012. The purpose of the meeting was to specifically address Mr. Anderson's pain and to decide on a course of action to manage his pain.

3. Dr. Windsor is Mr. Anderson's current primary care provider. She evaluated him on June 8, 2012. She determined that Mr. Anderson does in fact suffer from pain and recommended prescribing Tramadol. No other pain medication was recommended by Dr. Windsor.

4. I approved Dr. Windsor's recommendation of prescribing Mr. Anderson Tramadol, which is a non-formulary drug, as part of his pain treatment. Mr. Anderson will be given 50 mg per day for 30 days. He will be able to refill his Tramadol prescription 11 times, so it will last for one full year.

5. Mr. Anderson has been scheduled to be seen by his primary care provider within 30 days of his June 8, 2012 evaluation. During this follow-up visit, the primary care provider will determine whether the Tramadol has been effective and determine what, if any, other pain management tools will be necessary or appropriate.

6. Mr. Anderson is in pain. Tramadol is the recommended treatment and is appropriate. Morphine and Lyrica are not appropriate at this time. Mr. Anderson's pain will again be evaluated in a follow-up visit with his primary care provider, and she will determine whether additional medication is necessary at that time.

7. Pain treatment is a process that often requires adjustments in order to be effective. Mr. Anderson has been on a different combination of pain medications to treat his pain throughout the years of his custody, and will likely have new or different combinations in the future. It was not inappropriate for the pain management committee to discontinue Mr. Anderson's Tramadol on February 28, 2012. However, it is again appropriate at this time to prescribe Mr. Anderson Tramadol for the pain he is currently experiencing.

(Dkt. No. 58-1 at 1-2.)

Plaintiff has been prescribed Tramadol for pain and his primary care provider will follow-up in 30 days to determine whether the Tramadol has been effective. Because plaintiff has received the requested relief, his motions for injunctive relief are moot.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (Dkt. Nos. 28 and 30) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

an261.pi