IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ANDERSON,

    Plaintiff,               No. 2: 12-cv-0261 MCE KJN P

    vs.

MATTHEW TATE, et al.,

    Defendants.         FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 27, 2012, plaintiff filed a document titled "Retaliation."  In this document, plaintiff alleges that he is being retaliated against for pursuing this action and requests that the court order the Warden to prohibit any further retaliation.  The undersigned construes plaintiff's June 27, 2012 document as a motion for injunctive relief.  For the following reasons, plaintiff's motion should be denied.

Legal Standard for Injunctive Relief

        "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

1

1  2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

2          A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale
3  approach or "serious questions" test survives "when applied as part of the four-element Winter
4  test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-1132 (9th Cir. 2011). "In
5  other words, 'serious questions going to the merits,' and a hardship balance that tips sharply
6  toward the plaintiff can support issuance of an injunction, assuming the other two elements of the
7  Winter test are also met." Id. at 1132.

8          In cases brought by prisoners involving conditions of confinement, any
9  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
10 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
11 correct the harm." 18 U.S.C. § 3626(a)(2).

12 Discussion

13         In the pending motion, plaintiff alleges that June 20, 2012, he was issued a ducat
14 pass to see the doctor on D yard. Plaintiff alleges that when he entered the clinic, Officer
15 Peterson started issuing orders that "had nothing to do with the daily routine of prison life."
16 Plaintiff alleges that Officer Peterson "dreamed up" a regulation to justify his removal of
17 plaintiff's beanie. Plaintiff alleges that the only purpose of Officer Peterson's conduct was to
18 have plaintiff removed from the clinic so he could not see a doctor.

19         Plaintiff has not alleged any facts suggesting that Officer Peterson's conduct was
20 motivated by retaliation for plaintiff's litigation of the instant action. Officer Peterson is not a
21 defendant in this action. Plaintiff does not allege that Officer Peterson is aware of the instant
22 action or made comments to plaintiff regarding this action. Plaintiff alleges no other instances of
23 retaliation by any named defendant.

24         Because plaintiff's allegations regarding retaliation are not well supported, the
25 motion for injunctive relief should be denied.

26 ////

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's June 27, 2012 motion regarding retaliation (Dkt. No. 65), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

an261.57