1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMUEL ANDERSON,

11            Plaintiff,                    No. 2: 12-cv-0261 MCE KJN P

12        vs.

13   MATTHEW TATE, et al.,

14            Defendants.          FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  On June 27, 2012, plaintiff filed a document titled "Retaliation."

18   In this document, plaintiff alleges that he is being retaliated against for pursuing this action and

19   requests that the court order the Warden to prohibit any further retaliation.  The undersigned

20   construes plaintiff's June 27, 2012 document as a motion for injunctive relief.  For the following

21   reasons, plaintiff's motion should be denied.

22   Legal Standard for Injunctive Relief

23            "The proper legal standard for preliminary injunctive relief requires a party to

24   demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

25   in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

26   injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

1

1   2009), quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).

2           A Ninth Circuit panel has found that post-<u>Winter</u>, this circuit's sliding scale

3   approach or "serious questions" test survives "when applied as part of the four-element <u>Winter</u>

4   test." <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-1132 (9th Cir. 2011). "In

5   other words, 'serious questions going to the merits,' and a hardship balance that tips sharply

6   toward the plaintiff can support issuance of an injunction, assuming the other two elements of the

7   <u>Winter</u> test are also met." <u>Id.</u> at 1132.

8           In cases brought by prisoners involving conditions of confinement, any

9   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

10  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

11  correct the harm." 18 U.S.C. § 3626(a)(2).

12  <u>Discussion</u>

13          In the pending motion, plaintiff alleges that June 20, 2012, he was issued a ducat

14  pass to see the doctor on D yard. Plaintiff alleges that when he entered the clinic, Officer

15  Peterson started issuing orders that "had nothing to do with the daily routine of prison life."

16  Plaintiff alleges that Officer Peterson "dreamed up" a regulation to justify his removal of

17  plaintiff's beanie. Plaintiff alleges that the only purpose of Officer Peterson's conduct was to

18  have plaintiff removed from the clinic so he could not see a doctor.

19          Plaintiff has not alleged any facts suggesting that Officer Peterson's conduct was

20  motivated by retaliation for plaintiff's litigation of the instant action. Officer Peterson is not a

21  defendant in this action. Plaintiff does not allege that Officer Peterson is aware of the instant

22  action or made comments to plaintiff regarding this action. Plaintiff alleges no other instances of

23  retaliation by any named defendant.

24          Because plaintiff's allegations regarding retaliation are not well supported, the

25  motion for injunctive relief should be denied.

26  ////

1       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's June 27, 2012

2   motion regarding retaliation (Dkt. No. 65), construed as a motion for injunctive relief, be denied.

3       These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5   one days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8   objections shall be filed and served within fourteen days after service of the objections.  The

9   parties are advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  August 3, 2012

12

13                                      _____
                                        KENDALL J. NEWMAN
14                                      UNITED STATES MAGISTRATE JUDGE

15  an261.57

16

17

18

19

20

21

22

23

24

25

26