IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ANDERSON,

    Plaintiff,                      No. 2:12-cv-0261 MCE KJN P

    vs.

J. CLARK KELSO, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action. Pending before the court is plaintiff's motion for a seventy-five day extension of time pursuant to Federal Rule of Civil Procedure 56(d) to file an opposition to defendant Kelso's summary judgment motion.

        Federal Rule of Civil Procedure 56(d) provides,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> 1) defer considering the motion or deny it;
> 2) allow time to obtain affidavits or declarations or to take discovery; or
> 3) issue any other appropriate order.

        Defendant Kelso is the receiver appointed by the Honorable Thelton E. Henderson to oversee medical care in California prisons. Plaintiff alleges that he received inadequate medical care while housed at High Desert State Prison ("HDSP"). Plaintiff alleges that he sent

1  letters to defendant Kelso notifying him that he was not receiving adequate pain medication.
2  Plaintiff seeks money damages and injunctive relief.
3          On January 10, 2013, the court issued a scheduling order providing that the parties
4  could conduct discovery until May 1, 2013.  Any motions necessary to compel discovery were to
5  be filed by that date; all discovery requests were to be served no later than sixty days prior to that
6  date.  The scheduling order further provided that all pretrial motions were due on or before June
7  26, 2013.
8          In his summary judgment motion filed January 22, 2013, defendant Kelso first
9  argues that he was not personally involved in plaintiff's treatment and care.  Second, defendant
10 Kelso argues that there was no deliberate indifference to plaintiff's medical needs by his office.
11 Third, defendant Kelso argues that he is not a state actor under 42 U.S.C. § 1983.  Fourth,
12 defendant Kelso argues that he is entitled to quasi-judicial immunity with respect to plaintiff's
13 claim for damages.
14         In the pending motion for extension of time, plaintiff alleges that he has not
15 completed discovery.  Plaintiff's counsel states that he was engaged in the preparation for and
16 trial in another civil rights case.  The jury trial in that case ended on March 14, 2013.  As a result
17 of the time spent on that other case, plaintiff's counsel was unable to conduct discovery.
18         In his opposition to plaintiff's motion for extension of time, defendant Kelso
19 argues that he has moved for summary judgment as a matter of law because the undisputed facts
20 show that he did not violate plaintiff's rights, he is not a state actor for purposes of Section 1983
21 and, as the court-appointed Receiver, he is entitled to absolute quasi-judicial immunity.
22 Defendant argues that plaintiff does not need to conduct discovery in order to oppose his motion.
23 Defendant also argue that plaintiff cannot seek discovery from him without the permission of
24 Judge Henderson.  Defendant contends that Judge Henderson has previously issued a protective
25 order in another matter prohibiting discovery from the Receiver on the grounds that he has quasi-
26 judicial immunity.

1    Defendant's arguments that he was not personally involved in plaintiff's care and
2 that there was no deliberate indifference to plaintiff's medical needs by his office involve
3 questions of fact.  However, defendant's arguments that he is a state actor and is entitled to
4 qualified immunity are questions of law.

5    Defendant's arguments that he should be dismissed as a matter of law are more
6 appropriately raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).
7 For that reason, defendant's summary judgment motion is vacated and defendant is directed to
8 file a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) containing his arguments that
9 he should be dismissed because is not a state actor and is entitled to quasi-judicial immunity.

10   Plaintiff is now housed at California State Prison-Lancaster.  To the extent
11 plaintiff's request for injunctive relief is outstanding, defendant may file a renewed summary
12 judgment motion addressing this matter.  The court does not anticipate that plaintiff will have to
13 conduct discovery in order to oppose this motion.

14   If claims against defendant Kelso remain following resolution of the motions
15 discussed above, the court will issue further orders.

16   Accordingly, IT IS HEREBY ORDERED that:

17   1. Defendant Kelso's summary judgment motion (Dkt. No. 101) is vacated;

18   2. Plaintiff's motion for extension of time (Dkt. No. 110) is denied; and

19   3. Within twenty-one days, defendant Kelso shall file the motion to dismiss and
20 summary judgment motion as discussed above.

21 DATED: April 10, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

and0261.36