UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ANDERSON, | No. 2: 12-cv-0261 MCE KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| J. CLARK KELSO et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding with counsel, with a civil rights action pursuant to 42 U.S.C. 1983. On July 11, 2013, a hearing was held regarding several pending matters. Chijioke Ikonte appeared on behalf of plaintiff. Jaime G. Touchstone appeared on behalf of defendant Clark Kelso. Scott Foley appeared on behalf of the remaining defendants.

    Following the hearing, the court ordered plaintiff's counsel to file, on or before July 26, 2013, a brief statement setting forth the depositions he feels are imperative to take. If plaintiff's counsel intends to depose named defendants, his statement shall include the issues he intends to address at the proposed depositions and the time limits of each deposition. If plaintiff's counsel intends to depose a "person most knowledgeable," he shall include the issues he intends to address at the proposed deposition and whether deposing the "person most knowledgeable" eliminates the need to take the deposition of any defendant(s). Plaintiff counsel's statement shall also address when his expert witness will be available for report and deposition. Plaintiff's

counsel shall meet and confer with defense counsel regarding his proposed list of deponents, and his statement shall summarize his communications with defense counsel regarding this matter.

Following the hearing, the court also ordered plaintiff's counsel to file a brief statement addressing whether the court is authorized to disregard the pleadings filed by his client or whether the court shall order his client to file his complaints regarding conditions at California State Prison-Lancaster in the United States District Court for the Central District of California. This briefing shall also address whether the court may disregard the pleadings filed by counsel's client concerning his dissatisfaction with counsel, or whether the court should instruct counsel's client to file a formal motion regarding this matter.

On May 24, 2013, the court ordered plaintiff's counsel to show cause why sanctions should not be imposed for his failure to appear at the May 23, 2013 hearing. On May 31, 2013, plaintiff's counsel filed his response. Because plaintiff's counsel failed to show good cause for failing to appear at the May 23, 2013 hearing and for the reasons expressed by the court on the record, plaintiff's counsel is ordered to pay sanctions of $100. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions…")

Following the hearing, the court made the following ORDERS:

1. Defendants' motion to take plaintiff's deposition by videoconference (ECF No. 116) is granted; the deposition shall occur no later than September 11, 2013; on or before July 19, 2013, defense counsel shall provide plaintiff's counsel with his proposed dates for the deposition; on or before July 26, 2013, plaintiff's counsel shall inform defense counsel which date he has chosen; the court reporter shall attend the deposition at the prison where plaintiff is housed;

2. On or before July 26, 2013, plaintiff shall file either statements of non-opposition or oppositions to defendant Kelso's motion to dismiss (ECF No. 117) and motion for summary judgment (ECF No. 118); defendant Kelso may file a reply to plaintiff's oppositions on or before August 9, 2013; these motions will not be set for hearing at this time;

3. Defendants' motion to compel (ECF No. 119) is granted; on or before August 2, 2013, plaintiff shall provide defendants with responses to the at-issue interrogatories and requests

for production of documents; all objections are waived other than attorney-client privilege;

4. Plaintiff's motion for extension of time to conduct discovery (ECF No. 121) is denied in part; plaintiff is not permitted to serve defendant Kelso with any discovery; plaintiff is not permitted to serve the other defendants with any written discovery; but on or before July 26, 2013, plaintiff's counsel shall file the statement discussed above regarding proposed depositions; and defendants may file a response to plaintiff's statement on or before August 2, 2013;

5. On or before August 2, 2013, plaintiff's counsel shall file the briefing discussed above regarding his client's filings;

6. The deadline for filing dispositive pretrial motions is set for November 15 2013; oppositions are due thirty days thereafter; replies to oppositions are due fourteen days thereafter; and

7. For the reasons discussed above, plaintiff's counsel is ordered to pay sanctions of $100 on or before July 26, 2013.

Dated: July 12, 2013

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

An261.ord

3