KAMALA D. HARRIS
Attorney General of California
MONICA N. ANDERSON
Supervising Deputy Attorney General
R. LAWRENCE BRAGG, State Bar No. 119194
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-2595
 Fax: (916) 324-5205
 E-mail: Lawrence.Bragg@doj.ca.gov
*Attorneys for Defendants Lee, Stovall, and Swingle*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SAMUEL ANDERSON,<br><br>                                    Plaintiff,<br><br>         v.<br><br>J. CLARK KELSO, et al.,<br><br>                                    Defendants. | 2:12-CV-00261 MCE KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: The Honorable Kendall J. Newman<br>Trial Date:      March 14, 2016<br>Action Filed:   April 18, 2012 |

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

**A.    CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER.**

Plaintiff Anderson has requested production of declarations and expert witness reports prepared by the expert witness disclosed by Defendants, B. Barnett, M.D., in other actions, and medical records of third-party inmate-patients reviewed by Dr. Barnett in other actions. These documents refer to the medical conditions of the third-party inmate-patients who are the subjects of the declarations and expert witness reports prepared by Dr. Barnett.

///

**B.     NEED FOR PROTECTION OF CONFIDENTIAL MATERIAL.**

The declarations and expert witness reports prepared by Dr. Barnett in other actions, and the medical records of third-party inmate-patients reviewed by Dr. Barnett in these other actions, contain confidential information concerning the medical condition of these third-party inmate-patients. Federal courts generally recognize a right of privacy which can be raised in response to discovery requests. *Johnson v. Thompson,* 971 F.2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*, 669 F.2d 114, 119-120 (3rd Cir. 1982). Disclosure of health care information concerning inmates who are not parties to this litigation arguably violates the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule. 45 C.F.R. §§ 160.102, 160.103. Production of inmate medical information violates CDCR procedures set forth by California Code of Regulations, Title 15, section 3370, "Case Records File and Unit Health Records Material — Access and Release."

**C.     NEED FOR A COURT ORDER.**

In the course of this litigation, Anderson has demanded that Dr. Barnett produce declarations and expert witness reports prepared by Dr. Barnett in other actions, and the medical records of third-party inmate-patients reviewed by Dr. Barnett in these other actions, which are in the possession, custody or control of the California Department of Corrections and Rehabilitation (CDCR) and California Correctional Health Care Services (CCHCS).  Since CDCR and CCHCS are not parties to this litigation, a private agreement among the parties is not sufficient to protect the interests of CDCR and CCHCS in maintaining the confidentiality of these documents.

**D.     CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS.**

The Court orders the following to protect the confidentiality of the confidential documents described above:

1.     The provisions of this Protective Order apply to the confidential records and information ("confidential material") designated by Defendants, CDCR and/or CCHCS as "Confidential," and those confidential records and information which the Court orders Defendants and/or CDCR to produce following an *in camera* hearing. The Court-issued Protective Order applies because those documents contain confidential information, which if

2

1  shared, could jeopardize the privacy rights of third-party inmate-patients.

2      2.    The confidential material may be disclosed only to the following persons:

3          (a) Plaintiff Anderson's retained attorney(s) of record;

4          (b) The attorney(s) of record for Defendants, CDCR, and CCHCS;

5          (c) Any paralegal, secretarial, or clerical personnel regularly employed by counsel for Anderson, Defendants, CDCR, and CCHCS who are necessary to aid counsel for Anderson, Defendants, CDCR and CCHCS in the litigation of this matter;

8          (d) Court personnel and stenographic reporters necessarily involved in these proceedings; and

10         (e) Any outside expert or consultant retained by counsel for Anderson, Defendants, CDCR, and/or CCHCS for purposes of this action.

12     3.    None of the confidential material or information contained within the confidential material shall be shown to Anderson, or shown to, discussed with, or disclosed in any other manner to any other inmate or former inmate, any parolee or former parolee, or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants, CDCR, and CCHCS who maintain possession and control over the original confidential material.

18     4.    No person who has access to the confidential material, as set forth in paragraph 2, shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter.  Any copies made for such purpose will be subject to this order.  A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material, and that individual must agree in writing to comply with this order.  Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided.   The Court and counsel for Defendants, CDCR, and CCHCS  may request a copy of such record at any time to determine compliance with the Court's order.

28 / / /

5.      Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential material, shall be submitted on purple or pink paper, filed under seal, labeled with a cover sheet bearing the case name and number and the statement: "This document is subject to a Protective Order issued by the Court and may not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel of record for the parties. If any party fails to file confidential material in accordance with this paragraph, any party may request that the Court place the filing under seal.

6.      The portion(s) of any transcript of a deposition of any witness testifying about confidential information shall be designated as confidential by the court reporter at the request of Defendants, CDCR, and/or CCHCS and kept under seal subject to a further order of the Court. Information or material designated as confidential by Defendants, CDCR,and/or CCHCS may be disclosed or discussed in open court, subject to a Motion in Limine and/or Motion for Protective Order filed by Defendant, CDCR, and/or CCHCS.

7.      At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Anderson shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for Defendant.

8.      All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

9.      Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

10.     The provisions of this order are without prejudice to the right of any party:

   a.     To apply to the Court for a further protective order relating to any other confidential documents or material, or relating to discovery in this litigation;

   b.     To apply to the Court for an order removing the confidential material designation from any documents; or

      c.    To object to a discovery request.

11.    The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendants, CDCR, and/or CCHCS an opportunity to be heard should the Court find modification of this order necessary.

12.    This order is applicable to declarations, reports, and medical records pertaining to third party inmates previously produced to counsel for Anderson.

**SO STIPULATED.**

Dated: September 29, 2015                        Respectfully submitted,

**/s/ *Chijioke O. Ikonte***

CHIJIOKE O. IKONTE
Law Offices of Akudinobi & Ikonte


KAMALA D. HARRIS
Attorney General of California
MONICA N. ANDERSON
Supervising Deputy Attorney General

**/s/ *R. Lawrence Bragg***

R. LAWRENCE BRAGG
Deputy Attorney General
*Attorneys for Defendants Lee, Stovall, and Swingle*

Good cause appearing, IT IS SO ORDERED, with the clarification that although the parties refer to an in camera review, the court has not reviewed any documents and will not review any documents without adequate showing and proper notice.

Dated: October 8, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

An261.po

5